UNITED STATES BANKRUPTC`Y COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

ROSS F. CHARNO and AMANDA CHARNO,

Debtors.
_____/

DR. LESLIE SHAPIRO,

Plaintiff,

vs.

ROSS F. CHARNO,

Defendant.
_____/

Case No. 09-36566-JKO

Chapter 7

Adv. Proc. No.

## DR. LESLIE SHAPIRO'S COMPLAINT
## TO DETERMINE DISCHARGABILITY OF DEBT

The Plaintiff, Dr. Leslie Shapiro, sues the Defendant, Ross F. Charno (the "Debtor"), and alleges:

1. The court has jurisdiction in this proceeding pursuant to 28 U.S.C. §1334(b), §157(b)(2)(I) and 11 U.S.C. §523(c). It is a core proceeding.

2. The Plaintiff is a creditor in this case although the debt to him was omitted from the Debtor's schedules.

3. The Defendant is the Debtor in this Chapter 7 case. He filed his petition on December 1, 2009 (the "Petition Date"). The deadline to object to dischargeability was March 8, 2010 (the "Discharge Deadline")

4. All conditions precedent to the filing of this action have occurred.

5. The Debtor, through his company Charno's Custom Rides, Inc. ("CCR") is in the business of designing, personalizing, and providing special upgrades to motor vehicles.

6. In 2009, CCR was hired by the Miami-Dade County Department of Procurement Management ("Miami-Dade County") for the design and fabrication of certain trailers to be used by the Miami-Dade County Police Department.

7. The first contract with Miami-Dade County was awarded for the design and fabrication of a restroom and shower combination trailer (the "Restroom Trailer") and the second contract was awarded for the construction of a mobile evidence unit (the "Mobile Evidence Unit").

8. On August 27, 2009, the Plaintiff loaned to SVAT Designs, Inc., CCR, Jordan Shapiro and the Debtor (the "Guarantors") $30,000 (the "First Loan").

9. The First Loan was provided to finance the purchase of certain items necessary to design and construct the Restroom Trailer.

10. The First Loan was orally guaranteed by the Guarantors.

11. The Debtor and the other Guarantors agreed that repayment of the First Loan plus interest would take place once the Restroom Trailer was sold; however, CCR completed the Restroom Trailer and delivered it to Miami-Dade County, but no monies associated with the First Loan were repaid to the Plaintiff.

12. On November 3, 2009, the Plaintiff loaned to the Guarantors $110,000 (the "Second Loan").

13. The Second Loan was provided to finance the purchase of certain items necessary to design and construct the Mobile Evidence Unit.

14. At all relevant times, the Debtor assured the Plaintiff that the monies from the Second Loan would only be used to purchases related to the Mobile Evidence Unit and for no other purpose.

15. The Second Loan was orally guaranteed by the Guarantors.

16. Ultimately, CCR and the Debtor never completed the Mobile Evidence Unit.

17. On February 24, 2011, Miami-Dade County terminated its contract with CCR for the purchase of the Mobile Evidence Unit citing CCR's failure to complete and deliver the vehicle despite the additional time given to do so.

18. On July 21, 2010, after the Petition Date, the Guarantors entered into an Agreement to secure payment of the First Loan and the Second Loan (the "July Agreement"). A copy of the July Agreement is attached as Exhibit "A."[1]

19. At the time the Plaintiff entered into the July Agreement, he was unaware that the Debtor had already filed a bankruptcy petition as he was not listed on the Debtor's schedules.

20. The July Agreement calls for monthly payments of $2,000 at 5% interest and payment in full by November 3, 2010.

21. The Debtor paid to the Plaintiff one payment of $2,000.

22. When the Debt came due on November 3, 2010, the Debtor and the other Guarantors defaulted on the First and Second Loans and the July Agreement.

23. Upon information and belief, the Debtor misappropriated the monies associated with the First Loan and the Second Loan by using them for his own personal expenses and for other expenses not associated with the agreement of the parties.

24. In or about December, 2010, the Plaintiff discovered that the Debtor had filed the underlying bankruptcy case and that he was an omitted creditor, nearly nine months after the Discharge Deadline.

25. The Debtor's schedules have not been amended to add the Plaintiff as a creditor despite the Debtor's knowledge that the creditor was omitted and ongoing discussions regarding the dischargeability of the debt since early 2011.

---

[1] Due to a scrivener's error, the Parties referred to the Mobile Evidence Unit in the Agreement as "Bid 9189-PD" although the July Agreement should have referenced "Bid 9182-PD."

## Count I
[Objection to Dischargeability Under §523(a)(2)]

The allegations in paragraphs 1 through 25 are incorporated by reference in this count.

26.     The debt described is a debt for money, property, services, or an extension, renewal, or refinancing of credit, obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

WHEREFORE, the plaintiff seeks the entry of a judgment determining that the Debtor's debt to the Plaintiff is nondischargeable and granting such other relief as is just.

## Count II
[Objection to Dischargeability Under §523(a)(3)]

All allegations in paragraphs 1 through 25 are incorporated by reference in this count.

27.     The debt to the Plaintiff was neither listed nor scheduled under section 521(1) of this title, with the Plaintiff's name in time to permit:

(A)     If the Court determines that the debt to the Plaintiff is not of a kind specified in 11 U.S.C. § 523(a)(2), (4), or (6), the timely filing of a proof of claim; or

(B)     If the Court determines that the debt to the Plaintiff is of a kind specified in 11 U.S.C. § 523(a)(2), (4), or (6), timely filing of a proof of claim and timely request for a determination of dischargeability of such debt.

Dated: June 1, 2011

HOUGH LAW GROUP, P.A.
Counsel for Dr. Leslie Shapiro
2450 Hollywood Blvd, Suite 706
Hollywood, FL 33020
Tel:    (954) 239-4760
Fax:    (954) 239-4761
Email:  jhough@houghlawgroup.com

By:     /s/ Julie Elizabeth Hough
        Julie Elizabeth Hough
        Florida Bar No. 0764981

4