UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>**ROSS F. CHARNO** and<br>**AMANDA CHARNO**,<br><br>    Debtors. | **CASE NO. 09-36566-JKO**<br>**CHAPTER 7** |
| **DR. LESLIE SHAPIRO,**<br><br>    Plaintiff,<br><br>v.<br><br>**ROSS F. CHARNO,**<br><br>    Defendant. | **ADV. PRO. NO. 11-02033-JKO** |

## ROSS F. CHARNO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Ross F. Charno ("Charno"), by and through undersigned counsel answers the Complaint filed in this matter and states as follows:

1. Charno admits the allegations set forth in Paragraph 1.

2. Charno denies the allegations set forth in Paragraph 2.

3. Charno admits the allegations set forth in Paragraph 3.

4. Charno is without knowledge as to the allegations set forth in Paragraph 4 and therefore denies same.

5. Charno admits the allegations set forth in Paragraph 5.

6. Charno admits the allegations set forth in Paragraph 6.

7. Charno admits the allegations set forth in Paragraph 7.

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

*Case No. 09-36566-JKO*
*Adv. Pro. No. 11-02033-JKO*

8. Charno denies the allegations set forth in Paragraph 8.

9. Charno admits the allegations set forth in Paragraph 9.

10. Charno denies the allegations set forth in Paragraph 10.

11. Charno denies the allegations set forth in Paragraph 11.

12. Charno denies the allegations set forth in Paragraph 12.

13. Charno denies the allegations set forth in Paragraph 13.

14. Charno denies the allegations set forth in Paragraph 14.

15. Charno denies the allegations set forth in Paragraph 15.

16. In response to Paragraph 16, Charno admits that CCR never completed the trailer, but denies that Charno did not complete the trailer.

17. Charno denies the allegations set forth in Paragraph 17.

18. In response to Paragraph 18, the document speaks for itself. Charno denies any other allegations set forth in Paragraph 18.

19. Charno denies the allegations set forth in Paragraph 19.

20. In response to Paragraph 20, the document speaks for itself. Charno denies any other allegations set forth in Paragraph 20.

21. Charno denies the allegations set forth in Paragraph 21.

22. Charno denies the allegations set forth in Paragraph 22.

23. Charno denies the allegations set forth in Paragraph 23.

24. Charno denies the allegations set forth in Paragraph 24.

25. Charno admits that the Plaintiff was not added, but denies the remaining allegations set forth in Paragraph 25.

## COUNT I

Charno incorporates his responses to Paragraphs 1 through 25 as if they were set forth herein.

26.   Charno denies the allegations set forth in Paragraph 26.

## COUNT II

Charno incorporates his responses to Paragraphs 1 through 25 as if they were set forth herein.

27.   Charno denies the allegations set forth in Paragraph 27.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As and for a First Affirmative Defense, Defendant avers that Plaintiff failed to mitigate his damages. Upon information and belief, Plaintiff was aware that his son, Jordan Shapiro, was removing monies from SVAT without any reason or authorization. Plaintiff failed to take any steps to stop Jordan Shapiro from taking actions detrimental to the business tasks at hand, when Plaintiff knew or should have known that the removal of funds from SVAT would seriously jeopardize the ability of SVAT to complete the trailer in question and generate funds to repay the Plaintiff. Accordingly, Plaintiff should take nothing because had Plaintiff taken steps to stop his own son from removing funds from SVAT the project would have been completed, the trailer would have been sold and funds would have been received that would have been utilized to repay Plaintiff.

### Second Affirmative Defense

As and for a Second Affirmative Defense, Defendant avers that Plaintiff cannot recover from Defendant based on the doctrine of unclean hands. Upon information and belief, Plaintiff was aware that his son, Jordan Shapiro, was removing monies from SVAT without any reason or

authorization. Plaintiff failed to take any steps to stop Jordan Shapiro from taking actions detrimental to the business tasks at hand, when Plaintiff knew or should have known that the removal of funds from SVAT would seriously jeopardize the ability of SVAT to complete the trailer in question and generate funds to repay the Plaintiff. Accordingly, Plaintiff should take nothing because had Plaintiff taken steps to stop his own son from removing funds from SVAT the project would have been completed, the trailer would have been sold and funds would have been received that would have been utilized to repay Plaintiff.

### Third Affirmative Defense

As and for a Third Affirmative Defense, Defendant avers that Plaintiff has failed to join an indispensible party. Jordan Shapiro is the proximate cause of Plaintiff's losses, if any, and Jordan Shapiro is a necessary party to Plaintiff's claim. The fact that Jordan Shapiro is Plaintiff's son is of no moment and Jordan Shapiro must be added as a party.

### Fourth Affirmative Defense

As and for a Fourth Affirmative Defense, Defendant avers that Plaintiff should be barred under all principles of equity from any form of recovery because, upon information and belief, Plaintiff was aware of 1) the severity of Jordan Shapiro's personal issues at the time of the transactions in question; and 2) Jordan Shapiro's inability to manage the finances of SVAT. Plaintiff nonetheless provided the Defendants the funds in question all the while knowing that the project was a high-risk venture due to Jordan Shapiro's inability to properly participate in the transaction. Plaintiff should not now be able to recover from an innocent Defendant when the main perpetrator of the mismanagement, Jordan Shapiro, the Plaintiff's own son, is the cause of the Plaintiff's losses.

Case No. 09-36566-JKO  
Adv. Pro. No. 11-02033-JKO

## Fifth Affirmative Defense

As and for a Fifth Affirmative Defense, Defendant avers that Plaintiff had actual knowledge of the Debtor's bankruptcy long before the deadlines to seek the relief the Plaintiff now seeks had expired. Under binding precedent, the Plaintiff's actual knowledge is fatal to his claims. Accordingly, the instant action must be dismissed.

## Sixth Affirmative Defense

As and for a Sixth Affirmative Defense, Defendant avers that Plaintiff either fraudulently and/or negligently induced Defendant to enter into the business arrangement that caused Plaintiff's losses. Plaintiff knew that his son, Jordan Shapiro, was unable to manage and/or operate the business venture, and knew that Jordan Shapiro's involvement could very well cause losses to the business. Nonetheless, Plaintiff induced Defendant to enter into the business arrangement knowing full well that it was a risky arrangement given Jordan Shapiro's involvement. Accordingly, Plaintiff cannot and should not be able to recover from Defendant when Plaintiff wrongfully induced Defendant to enter into the relationship.

Dated this 29th day of July, 2011.

I hereby certify that I am admitted to the Bar of the United States District Court, that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Ross Charno
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
rreynolds@slatkinreynolds.com

By: /s/ Robert F. Reynolds
ROBERT F. REYNOLDS
Fla. Bar. No. 174823

*Case No. 09-36566-JKO*
*Adv. Pro. No. 11-02033-JKO*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF noticing system to Julie E. Hough, Esq., jhough@houghlawgroup.com this 29th day of July, 2011.

/s/ Robert F. Reynolds
ROBERT F. REYNOLDS

6
**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880